ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles and Los Angeles County
Sheriff Alex Villanueva, In His Official Capacity Only

(Additional Counsel Listed On Following Page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CULLORS, DENEAL YOUNG, JESSICA HAVILAND, RANY UONG, MARK AVILA, CAROLE DUNHAM, LEANDREW LEWIS, VICTOR GUTIERREZ, JEREMIAH FARMER, on behalf of themselves and all others similar situated, DIGNITY AND POWER NOW, YOUTH JUSTICE COALITION, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-03760 DMG-PLA <br><br> Honorable Dolly M. Gee <br><br> ***IMMEDIATE RELIEF REQUESTED*** <br><br> **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SETTING A BRIEFING SCHEDULE ON PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND RELATED FILINGS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JUSTIN W. CLARK IN SUPPORT THEREOF** <br><br> *[Proposed] Order lodged concurrently herewith* <br><br> Crtm:  9C |

1  KAREN JOYNT, State Bar No. 206332
2  joyntlaw@gmail.com
   LAW OFFICES OF KAREN JOYNT
3  225 South Lake Avenue, Suite 300
4  Pasadena, California 91101
   Telephone No. (213) 277-7072
5
6  OFFICE OF THE COUNTY COUNSEL
7  County of Los Angeles
   MARY WICKHAM, County Counsel, State Bar No. 145664
8  By:
9  TIMOTHY J. KRAL, Principal Deputy County Counsel, State Bar No. 200919
   tkral@counsel.lacounty.gov
10 MELODIE K. LARSEN, Senior Deputy County Counsel, State Bar No. 110819
11 mlarsen@counsel.lacounty.gov
   211 West Temple Street, 8th Floor
12 Los Angeles, California 90012
   Telephone No. (213) 229-3097
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR
2   COUNSEL OF RECORD:
3       PLEASE TAKE NOTICE that Defendants County of Los Angeles and Los
4   Angeles County Sheriff Alex Villanueva, in his official capacity only
5   (collectively "Defendants"), hereby apply, *ex parte*, for an Order setting an
6   expedited, yet reasonable, briefing schedule on Plaintiffs' *Ex Parte* Application
7   for a Temporary Restraining Order, which was filed on Friday afternoon, April
8   24, 2020.  (Dkt. No. 13.)
9       As set forth herein, good cause exists for this Application for several
10  reasons, including, without limitation, the sheer volume of the papers filed by
11  Plaintiffs, the need for Defendants to have at least a reasonable and fair chance to
12  prepare and file responsive materials, and the import of the issues at stake.
13      Defendants have made multiple requests to Plaintiffs to stipulate to an
14  appropriate briefing schedule, but all such requests have been refused.  (*See*,
15  Declaration of Justin W. Clark ("Clark Decl.") at ¶ 2.)  Accordingly, on April 25,
16  2020, pursuant to Local Rules 7-19 and 7-19.1, Defendants' counsel informed
17  Plaintiffs' counsel of Defendants' intention to file this Application and the relief
18  that would be requested.  Plaintiffs' counsel has indicated that Plaintiffs oppose
19  this Application.  (*Id*.)  Plaintiffs' counsel's contact information is:

20  Barrett S. Litt
21  975 E. Green Street
    Pasadena, CA 91106
22  Telephone: (626) 844-7660
    Email: blitt@kmbllaw.com

23
    Dated:  April 25, 2020          LAWRENCE BEACH ALLEN & CHOI, PC
24

25                                   By _____/s/  Justin W. Clark_____
26                                       Justin W. Clark
                                         Attorneys for Defendants County of
27                                       Los Angeles and Sheriff Alex
28                                       Villanueva, in his official capacity only

3

## MEMORANDUM OF POINTS & AUTHORITIES

## GOOD CAUSE EXISTS FOR THE COURT TO SET AN EXPEDITED YET REASONABLE BRIEFING SCHEDULE ON PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER

**I.     Introduction.**

This *ex parte* Application respectfully requests that the Court set a reasonable briefing schedule on Plaintiffs' Application for a Temporary Restraining Order ("TRO") regarding conditions in the Los Angeles County Jails ("County jail") associated with the current Covid-19 pandemic, which was filed Friday, April 24, 2020, in the late afternoon.[1]  Plaintiffs' Complaint, which was also filed Friday afternoon, alleges, in summary, that Defendants are failing to adequately protect the health and safety of inmates in County jail due to exposure to Covid-19.  Based on said allegations, Plaintiffs seek wide-ranging prospective relief impacting the operation of the County jail system as a whole, the conditions therein, and even the potential release of inmates.

**First and foremost, Defendants strenuously dispute Plaintiffs' allegations.**  If provided with the opportunity to adequately brief the relevant issues and marshal existing evidence (a process which is very burdensome but already underway), Defendants can and will demonstrate to the Court that significant measures have already been taken, and are being taken, to address the unprecedented challenges that the Covid-19 pandemic has created for custody

---

[1] The Complaint was also filed Friday, along with the Application for Temporary Restraining Order and a Motion for Provisional Class Certification.  (Dkt. Nos. 1 and 6.)

operations such as the County jail.[2]  It should go without saying that Defendants take the health, safety, and security of all inmates and the County's employees in the County jail system extremely seriously, and have been acting in accordance with that responsibility, despite Plaintiffs' new allegations to the contrary.

While Defendants dispute Plaintiffs' claims, Defendants are nonetheless cognizant of the need to provide expedited briefing to the Court given the nature of Plaintiffs' allegations.  However, that briefing should be complete so that any resulting decision of this Court is based on accurate information.  Moreover, the need for expedited briefing should not come at the expense of Defendants' rights to due process and an opportunity to be heard.  As explained below, Defendants request only that the Court set a reasonable briefing schedule on Plaintiffs' TRO so that Defendants can have a modest amount of time to prepare and file adequate, yet concise, briefing for the Court's consideration.

Set forth below are the reasons establishing good cause for entry of an Order setting an appropriate briefing schedule.

## II.   A Briefing Schedule Is Necessary Due To The Sheer Volume Of The Materials Filed By Plaintiffs In Support Of Their TRO.

As an initial matter, Defendants point out that this entire action was filed Friday afternoon (April 24), along with the Application for a TRO that is the subject of this *ex parte* Application.  The materials that Plaintiffs have filed in

---

[2] For example, Defendants have already released approximately 30% of the jail population in an effort to increase social distancing – which is the largest population reduction of any custody operation in the United States.  Defendants have also stopped admitting many categories of detainees in a further effort to reduce the jail population.  Similarly, extensive protocols have been put in place to screen symptomatic inmates, segregate them when necessary, and increase cleaning and sanitation measures in all housing modules.

support of their TRO are very voluminous, and Plaintiffs' counsel has clearly been assembling them for weeks, if not longer.

The TRO itself is 42 pages long, and the following materials were filed with it:

- 12 pages of declarations of representatives of the two parties who joined as plaintiffs;
- A 17+ page expert declaration from Carlos Franco-Paredes, MD
- A 29+ page expert declaration from Joe Goldenson, MD
- A 27+ page expert declaration from Eldon Vail (a jailhouse practices expert)
- ***82 pages of declarations from 15 class members, some of which were signed as <u>early as April 14, 2020</u>, showing at least how long Plaintiffs have been working on this before filing Friday afternoon.***

(*See*, Dkt. Nos. 13, 14.)

In addition, after Defendants received Plaintiffs' initial TRO papers, at approximately 9:30 p.m. Friday night, Defendants received another declaration of counsel, along with 42 additional exhibits, adding an additional 297+ pages plus five videos (5) videos and 1 audio file.  (*See*, Dkt. Nos. 18, 19.)

There is, quite simply, no reasonable way Defendants can adequately review all of the above, consult with relevant Sheriff's Department and Correctional Health Services personnel, and prepare and file responsive papers in basically one day – which is what Plaintiffs have said should occur.[3]  Even if there was time to review all of the materials, the very same County personnel who must assist in the preparation of opposition papers are simultaneously managing

---

[3] Plaintiffs' position is that Defendants' Opposition to the TRO is due on Monday, April 27.  The Court's Standing Orders state no such requirement, nor do the Central District Local Rules.

the Covid-19 pandemic on behalf of the jails.  Frankly, Plaintiffs' position does not even afford Defendants the benefit of even one Court day, as Plaintiffs elected to file their Complaint and TRO papers late on a Friday afternoon, which basically forced Defendants and their counsel to address these issues over the weekend.  Good cause exists for entry of a reasonable briefing schedule based purely on the volume of Plaintiffs' TRO papers, and the amount of time it will take Defendants to review them, and prepare a proper response thereto.

## III.    A Briefing Schedule Is Necessary Given The Potential Impact That Plaintiffs' Prospective Relief Could Have On County Jail Operations.

In addition to the sheer volume of the materials that Plaintiffs filed in support of their TRO, good cause for a briefing schedule further exists based on the wide-ranging nature of the prospective relief sought by Plaintiffs, and the serious impact that such relief will unquestionably have on County jail operations.  Indeed, Plaintiffs' TRO seeks a variety of orders related to medical care, sanitation, inmate processing, and even goes so far as to seek the release of specifically categories of inmates.[4]

As this Court knows all too-well, and as the United States Supreme Court has previously recognized, the Los Angeles County jail system is large, complex,

///

///

///

---

[4] Pursuant to 18 U.S.C. § 3626, a prisoner release order can only be entered after the Court has entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order, and the defendant has had a reasonable amount of time to comply with the previous court orders.  In that event, a prisoner release order shall be entered only by a three-judge panel in accordance with Title 28, Section 2284.

and necessarily houses thousands of dangerous inmates.[5]  Management is complex and sudden, poorly-planned changes can have serious negative consequences.  Operating the jails while simultaneously responding to the Covid-19 crisis is difficult enough – entry of Plaintiffs' proposed TRO without full consideration of the potential consequences will only make a bad situation much worse.  Everyone should want to avoid such a result.  Therefore, given the potential impact that entry of Plaintiffs' TRO would have on Defendants (and the inmates confined and the public servants employed therein, as well as the public at large), common sense and due process demand that Defendants be afforded a meaningful opportunity to respond to Plaintiffs' allegations.

## IV.   Plaintiffs Have Clearly Been Assembling Their TRO For Weeks, And It Would Be Fundamentally Unfair To Force Defendants To Respond In Less Than One Day.

Based on the volume of Plaintiffs' papers and dates of the declarations they have submitted, they have been preparing their TRO for weeks.  Indeed, many of the declarations are dated more than 10 days ago, and Plaintiffs' experts unquestionably conducted some level of investigation and evaluation before expressing the opinions stated in their declarations.  Plaintiffs afforded themselves at least two weeks, and likely more, to prepare and file their TRO.  Defendants can and should be afforded a similar opportunity, otherwise, Defendants will suffer severe and irreparable prejudice.

---

[5] As a direct response to Covid-19, Defendants raised the bail threshold to intake a prisoner to $50,000, have ceased intaking misdemeanor inmates, and have worked with the State Court judicial stakeholders (i.e., Presiding Judge of the Superior Court, District Attorney, Public Defender, and Alternative Public Defender) to release thousands of inmates.  Despite these efforts, approximately 1,200 current inmates are being held on homicide charges and many more on other very violent felony charges.

**V.      Absent Entry Of A Briefing Schedule, Defendants Will Be Further Prejudiced Because They Will Be Forced To Divert Scarce Resources.**

In addition to all of the above, good cause exists for entry of a briefing schedule to avoid any unnecessary impact on County custody and medical personnel.  The Covid-19 pandemic has tremendously impacted first-responders, including the custody and medical personnel employed by Defendants.  These individuals, such as doctors, nurses, and sheriff's deputies, have been diligently exercising their duties to protect the health and safety of the inmates in County jail.  Entry of a reasonable briefing schedule is further justified to avoid any unnecessary burden on Defendants' personnel and resources, who are already working extremely hard on addressing the issues created by the Covid-19 outbreak.

**VI.     Conclusion.**

Based on the above, good cause exists for, and Defendants respectfully request that, the Court to set the following briefing schedule on Plaintiffs' TRO:

Defendants' Opposition due: Monday, May 4, 2020;

Plaintiffs' Reply: Wednesday, May 6, 2020.

Dated:  April 25, 2020                    LAWRENCE BEACH ALLEN & CHOI, PC


                                          By _____/s/ Justin W. Clark_____
                                             Justin W. Clark
                                             Attorneys for Defendants County of
                                             Los Angeles and Sheriff Alex
                                             Villanueva, in his official capacity only

## **DECLARATION OF JUSTIN W. CLARK**

I, Justin W. Clark declare as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am a shareholder in the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Los Angeles and Sheriff Alex Villanueva, in his official capacity (collectively "Defendants") in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      Counsel for Defendants made multiple requests to Plaintiffs to stipulate to a briefing schedule for their TRO, but all such requests have been refused.  Accordingly, on April 25, 2020, pursuant to Local Rules 7-19 and 7-19.1, I emailed Plaintiffs' counsel to inform them of Defendants' intention to file this Application and the relief that would be requested.  Plaintiffs' counsel has indicated that Plaintiffs oppose this Application.  (*Id*.; Exhibit "A" – email response from Plaintiffs' counsel Barrett Litt.)  Plaintiffs' counsel's contact information is the following:

Barrett S. Litt
975 E. Green Street
Pasadena, CA 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
Email: blitt@kmbllaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of April, 2020, at Los Angeles, California.

/s/ Justin W. Clark
Justin W. Clark