1  Dan Stormer, Esq., SBN 101967
   dstormer@hadsellstormer.com
2  Tanya Sukhija-Cohen SBN 295589
3  Theresa Zhen, Esq. SBN 300710
4  Shaleen Shanbhag SBN 301047
   Hadsell Stormer Renick & Dai LLP
5  128 N. Fair Oaks Avenue
6  Pasadena, California 91103
   Telephone: (626) 585-9600
7  Facsimile: (626) 577-7079
8
9  Barrett S. Litt, SBN 45527
   blitt@kmbllaw.com
10 Lindsay Battles, SBN 262862
11 Kaye, McLane, Bednarski & Litt, LLP
   975 East Green St.
12 Pasadena, California 91106
13 Telephone: (626) 844-7660
   Facsimile: (626) 844-7670
14
15 Attorneys for Plaintiffs
   Other Counsel on Following Page

16

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY CULLORS, DENEAL YOUNG, JESSICA HAVILAND, RANY UONG, MARK AVILA, CAROLE DUNHAM, LEANDREW LEWIS, VICTOR GUTIERREZ, JEREMIAH FARMER, on behalf of themselves and all others similarly situated, DIGNITY AND POWER NOW, YOUTH JUSTICE COALITION, <br> Plaintiffs, <br> vs. <br> COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, and DOES 1-10, inclusive, <br> Defendants. | Case No. 20-cv-3760-DMG <br><br> [Hon. Dolly M. Gee] <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SETTING A BRIEFING SCHEDULE ON PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

[Additional Counsel continued from previous page]

Peter J. Eliasberg, Esq. [S.B. #189110]
ACLU OF SOUTHERN CALIFORNIA
1313 W. 8th St.
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299
Email: peliasberg@aclu.sc.org

Alec Karakatsanis*
Katherine C. Hubbard, Esq. [S.B. #302729]
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Ste. 800
Washington, DC 20009
Telephone: (202) 894-6126
Facsimile: (202) 609-8030
Email: alec@civilrightscorps.org
          katherine@civilrightscorps.org

Catherine Sweetser, SBN 271142
Alicia Virani, SBN 281187
Aaron Littman, SBN 330283
UCLA LAW CLINICS
385 Charles E. Young Drive East
Los Angeles, CA 90095
(310) 825-9562
Email: csweetser@sshhlaw.com
          virani@law.ucla.edu
          littman@law.ucla.edu

Eric Balaban, Esq.*
AMERICAN CIVIL LIBERTIES UNION
NATIONAL PRISON PROJECT
915 15th St., N.W.
Washington, D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ebalaban@aclu.org

Andrea Woods, Esq.*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2528
Facsimile: (212) 607-3329
Email: awoods@aclu.org

*pro hac vice applications forthcoming

Defendants apply *ex parte* to file opposition papers to Plaintiffs' Application for a Temporary Restraining Order on May 4, 2020, ten days after the TRO application was filed, with replies two days later. (Dkt. 21, p. 9). Under this schedule, no hearing could occur for at least 13 days from the date of the TRO application. This timeline is considerably slower than most federal courts have proceeded in similar cases and is entirely unreasonable given the urgency of Plaintiffs' requested relief.

Defendants' request for a 12-day briefing schedule only underscores their profound disregard for the potentially catastrophic risks facing individuals in their custody, especially those who are medically vulnerable. Now that COVID-19 has entered the jail system, resulting in dozens of confirmed cases at multiple jail facilities, every single day counts. Due to the ease of transmission, and high population density within jails, infection rates will become exponential – and a widespread outbreak inevitable – unless the LASD takes immediate, additional measures to mitigate spread of the virus.[1] Two months into this emergency, the LASD has still failed to implement clear guidelines from national and local public health agencies, demonstrating that it has failed to act as promptly as is required by this swiftly moving crisis.

Plaintiffs recognize that this Court's decision must rest on accurate information, especially in view of the humanitarian concerns and broader public health implications presented by this case. For this reason, plaintiffs have invested considerable effort to gather information about LASD's response to COVID-19 from both public sources and persons incarcerated within the jail.

Plaintiffs have also engaged Defendants in their investigation and analysis before filing this lawsuit. On April 16, 2020, ten days ago, Plaintiffs sent Defendants a pre-litigation letter in which they detailed their understanding of what

---

*See* Dkt. 13-3, Declaration of Dr. Carlos Franco-Paredes, ¶22.

1

steps the County had taken to protect jail detainees and why they believed such measures were constitutionally deficient. Declaration of Barrett S. Litt, ¶2, Ex. 1. To the extent the Defendants disagree with any aspect of Plaintiffs' factual assessment, they have had since April 16 to share relevant information about jail operations and COVID-19 countermeasures.[2] To date, and despite two phone conferences to discuss the parties' positions, they have shared no specific information to contest Plaintiffs' assessment of the facts. Instead, Defendants' counsel Andrew Baum reviewed the contents of the pre-litigation letter with Plaintiffs' counsel Barrett Litt and Dan Stormer, and contended that the Sheriff's Department was doing everything it could and should on each of those issues, and was complying with most CDC guidelines for correctional facilities.[3] In the second phone conference, on April 22, it became clear that this was not a matter that could be resolved absent litigation. Plaintiffs' counsel advised Mr. Baum that they would be filing a complaint and an Application for a TRO on April 24. Litt Decl., ¶3.

Though Defendants apparently dispute Plaintiffs' factual description, they have supplied no declarations or other evidence undermining Plaintiffs' overall description of what is taking place within the jail facilities. This absence is especially remarkable considering that Defendants have disproportionate access to information regarding their response to the pandemic, including unrestricted access to their policies, directives and current practices. Defendants also have access to correctional and medical experts employed by Los Angeles County. Plaintiffs, by contrast, have had to expend significant time and effort identifying appropriate experts and gathering reports from persons incarcerated within the jail in order to carry their burden of proof. Defendants further argue that, since Plaintiffs have had

---

[2] Defendants in fact had notice of Plaintiffs' claims since March 12, when they received a letter from the ACLU of Southern California addressing concerns with the LASD's COVID-19 response. *See* Litt Decl., ¶2.

[3] Defendants likewise failed to produce any documents or information in response to Plaintiffs' Public Records Act Request, submitted April 15, 2020. Litt Decl, ¶4.

2

at least two weeks preparing their TRO application, as a matter of fundamental fairness, they should have 10 days from filing to prepare a response. This argument has no merit. Given their notice of the lawsuit, and disproportionate access to relevant information, there is no justification for giving Defendants an additional 10 days – beyond the 9 days they already had – to gather evidence to support their position.[4]

In similar cases, most federal courts have moved forward at a substantially faster pace than Defendants propose, typically requiring TRO oppositions, holding a hearing and issuing a TRO, all occurring within a week:

- *Cameron et al v. Bouchard et al*, Docket No. 2:20-cv-10949 (E.D. Mich.) (Oakland County, Michigan Jail) (issuing TRO on conditions, not release, on April 17, *same day* as complaint and TRO filed, with opposition papers on release due six days later, April 23, and replies due April 27)
- *Swain et al v. Junior et al*, Docket No. 1:20-cv-21457 (S.D. Fla.) (Miami-Dade County, Florida Jail) (issuing TRO on conditions, not release, on April 7, *two days* after TRO filed)
- *Savino et al v. Hodgson et al*, Docket No. 1:20-cv-10617 (D. Mass.) (Bristol County, Massachusetts Jail / ICE Detention) (requiring respondents to file status report on Sunday March 29, two days after TRO filed, with hearings on March 30 and April 2, after which the court provisionally certified classes/subclasses and began issuing release orders)

---

[4] Defendants contend otherwise, the volume of materials necessary to digest is not unmanageable. In addition to the brief, Plaintiffs submitted three expert declarations (Vail, Goldenson and Franco-Paredes) and 15 class member declarations. The declarations of the proposed class representatives related to their role as class representatives are relevant to the class certification motion, but not to the TRO, and were inadvertently included with the TRO filing.

3

- *Williams et al v. Federal Bureau of* Prisons, 1:20-cv-00890 (Dist. D.C.) (holding TRO hearing on April 7, five days after complaint and TRO filed)
- *Costa et al v. Bazron, DDC*, 1:19-cv-03185 (Dist. D.C.) (holding TRO hearing six days after TRO filed)
- *Mays et al v. Thomas*, Docket No. 1:20-cv-02134 (N.D. Ill.) (Cook County, Illinois Jail) (requiring opposition briefs three days after TRO filed and holding hearing four days after TRO filed)
- *Seth et al v. McDonough*, Docket No. 8:20-cv-01028 (D. Md.) (Prince George's County, Maryland Jail) (requiring opposition briefs 4 days after TRO filed and reply briefs 6 days after TRO; parties' recommendations for an inspector required 6 days after TRO)
- *Roman et al v. Wolf et al*, Docket No. 5:20-cv-00768 (C.D. Cal.) (Adelanto ICE Detention Center) (requiring response to habeas petition in 4 days and reply briefs in 6 days after habeas petition filed; classwide preliminary injunction issued 10 days after TRO filed)
- *Quinton Gray et al v. County of Riverside*, Docket No. 5:13-cv-00444 (C.D. Cal.) (Riverside County, California Jail) (requiring responsive papers 4 days after motion to enforce consent decree; holding hearing 7 days after motion to enforce consent decree; granting motion ten days after filing).
- *Alcantara et al v. Archambeault et al*, 20-cv-0756 (S.D. Cal.) (requiring response briefs to TRO in six days).

As these cases demonstrate, there is no justification for a 12-day briefing schedule, particularly where defendants had 9 days' notice of the lawsuit before any

4

defense pleadings would be due.[5] As the foregoing list also makes clear, some courts have issued TROs and then provided time for briefing after the issuance of a TRO, in light of the emergency conditions.

Dated: April 26, 2020    Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP
KAYE, MCLANE, BEDNARSKI & LITT, LLP
CIVIL RIGHTS CORPS
UCLA LAW CLINICS
ACLU OF SOUTHERN CALIFORNIA
AMERICAN CIVIL LIBERTIES UNION


By: /s/ - Barrett S. Litt
       Barrett S. Litt
Attorneys for Petitioners/Plaintiffs

---

[5] This is counting from the pre-litigation letter. However, it should be noted that, in that letter, previous efforts to bring these issues to the defendants' attention were noted.

5